## DALY *vs.* McDONALD.

In an action for a breach of a promise of marriage, the plaintiff introduced evidence of the manner in which the acquaintance, between her and the defendant, commenced. To repel such evidence, the defendant offered to show that he supposed his visits to the plaintiff were first made, in consequence of her invitation to him, communicated through a mutual friend. Held, that such evidence was admissible.

Held, also, that if the defendant acted under the belief that the plaintiff had made such request, his misapprehension of the fact, was immaterial.

THIS was an action for a breach of promise to marry the plaintiff.

The cause was tried at the term of the superior court, for the county of Fairfield, holden in February, 1855.

On the trial it was proved, that the plaintiff was a servant girl, and the defendant a laboring man in a manufacturing establishment. To show the commencement of the intercourse, which terminated in the promise stated in the declaration, the plaintiff testified, among other things, that one Daniel Duffy came to her, on behalf of the defendant, and requested her to permit the defendant to visit her, to which she gave her consent, and thereupon the defendant commenced visiting her, and continued his visits, until after the alleged promises were made. She further testified, that she never authorized Duffy to request the defendant to visit her.

To rebut any inference that might be drawn from this testimony, and to show that the acquaintance was first sought by her, the defendant offered himself as a witness, and testified, that he never sent Duffy with any such message to her, nor knew that such was ever delivered, but, on the contrary, before the commencement of any acquaintance between them, Duffy came to him, and told him that the plaintiff was desirous of becoming acquainted with him, and had requested him to ask the defendant to call and see her, at her place of residence.

To the admission in evidence of what Duffy told the

defendant, the plaintiff objected, upon the ground that there was no evidence that she ever authorized Duffy to make any such communication, or to act as her agent; and the court sustained the objection, for the reasons assigned, and excluded that part of the defendant's testimony.

The plaintiff was the only witness who testified to an express promise of marriage. The defendant denied having made such promise, and called a Mrs. Guidan, who testified to a conversation which she had had with the plaintiff, in which the plaintiff had said that no such promise had ever been made, and that she could never obtain one from him. The plaintiff denied ever having any such conversation with the witness.

Much other testimony was introduced, tending to prove an intimacy between the parties, both before and subsequent to the time of the alleged promise; but a recital of the same is unnecessary in the present case.

The jury having rendered a verdict in favor of the plaintiff, the defendant moved for a new trial, on the ground that the court rejected the evidence objected to by the plaintiff, and also on the ground that the court did not instruct the jury in pursuance of his claim.

*Dutton*, and *Butler & Carter*, in support of the motion.

1. The evidence of the declaration of Duffy to the defendant tended to show the object of the defendant, in visiting the plaintiff. It constituted part of the main question.

Promises of marriage may be inferred from intimacy, and such conduct as evinces an intention to marry, and the information, which the party has received, whether true or false, throws light upon the subject of what his intentions were.

2. The plaintiff introduced the declaration of Duffy, accompanied with proof that the defendant did, thereupon, visit the plaintiff. This was *prima facie* proof, that Duffy was agent for the defendant.

The defendant had a right to show, that he was not his agent, and also to show what conversation passed between him and Duffy.

3. As long as the plaintiff's claim, that Duffy was agent of the defendant, was persisted in, the defendant had a right to rebut it.

4. The court permitted the declarations of Duffy to the plaintiff to go to the jury. Until this permission was withdrawn, the court ought to have permitted evidence of the same description, on the part of the defendant.

*Hawley*, contra.

1. The testimony was properly rejected. The defendant's testimony, denying that he sent Duffy, or knew what he said to the plaintiff, was not objected to, but heard; nothing was objected to, but what Duffy, not an agent of the plaintiff nor authorized by her, had told the defendant. Such testimony, aside from any other objection, did not tend to repel any inference, arising from the plaintiff's testimony, but was entirely inadmissible.

2. The plaintiff's testimony was offered, for no other purpose than to show the commencement of the intercourse. She did not object to his disproving any inference that could be drawn from her testimony, but only insisted that he could not do it, by such evidence. He had the full benefit of his denial. The testimony was altogether inadmissible to prove the distinct fact, that the plaintiff first requested the defendant's visits.

ELLSWORTH, J. We do not see any error of the court, in the manner in which they left the cause to the determination of the jury. It was altogether a question of fact, and they found, as they had a right to find, that the defendant had promised to marry the plaintiff, as she had averred, in her declaration. But we are constrained to think that the court mistook, in ruling out the evidence of the defendant, which

Daly *v.* McDonald.

bore upon the issue. To prove the promise to marry, or to render it most probable, and natural, that there was such a. promise, the plaintiff testified to the circumstance that the defendant visited her, in the first instance, at his special and formal request; a request, communicated to her through their mutual friend, Daniel Duffy, who professed to act in the affair under authority from the defendant. To meet this proof, and do away whatever of importance the plaintiff attached to the manner of. their first acquaintance; to show that he did not visit her, under any request from himself, but directly the reverse; that Duffy had requested him, as from her, to make the visits which he did make, he offered to prove these several facts to the jury. The precise objection which was made to this proof, and the objection which prevailed with the court, was, that there was no proof that Duffy was the authorized agent of the plaintiff, to bear to the defendant the request. Now, it seems to us, that the genuineness of this authority was not necessary; the object not being to prove the point of legal authority in Duffy, but what he told the defendant, as coming from the plaintiff, and the motive of the defendant's visiting the plaintiff, as he had done. The defendant denied that he intended, or ever promised, to marry the plaintiff, and he wished only to show how he came to be in her society, from which she inferred so much. How important to the issue the evidence was, we are not called to decide. It was objected to, on another ground, and that ground is not, in our view, capable of being maintained. Besides, if the evidence of the plaintiff was admissible, and important to her claim, the evidence of the defendant was equally important to him.

For these reasons, we advise a new trial.

In this opinion the other judges concurred, except WAITE, C. J., who was disqualified.

A new trial to be granted.